

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ETHAN TODD STEWART,               §
     Plaintiff,                        §
                                       §
v.                                §     NO. 3:15-CV-1125-M
                                       §
WILLIAM STEPHENS, Director,       §
TDCJ-CID.                          §
     Defendant.                        §

## AMENDED FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The amended findings, conclusions and recommendation of the Magistrate Judge follow:

## I.   Background

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendant is William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). The Court has not issued process pending judicial screening.

On December 8, 2010, Plaintiff was civilly committed under a program for high-risk offenders. *See* Tex. Health & Safety Code §§ 841.001 - .150. The civil commitment law applies to individuals determined to be "sexually violent predators." The law is intended to impose treatment and supervision on individuals who have committed multiple sexually violent offenses and who suffer from behavioral abnormalities that make them likely to re-offend. *See Bohannan*

*v. Doe, et al.*, 527 Fed. Appx. 283, 286 (5th Cir. 2013).

After being civilly committed, Plaintiff violated his civil commitment restrictions and was sentenced to prison. Plaintiff now argues that Defendant is violating his Eighth Amendment rights by not providing him with treatment for his behavioral abnormalities while he is incarcerated in prison. Plaintiff seeks money damages.

**II.**    **Screening**

The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is thus subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact.*"* *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**III.**    **Discussion**

**1.**    **Statute of Limitations**

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of

limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff states that in 2012 he requested treatment for his behavioral abnormality, but he received no response. Plaintiff therefore knew or had reason to know of the alleged violation of his Eighth Amendment rights more than two years prior to the May 5, 2015, filing of this complaint. He has also not alleged facts that would support equitable tolling of the limitations period. The claim is barred by the statute of limitations and should be dismissed.

### 2. Eighth Amendment

Plaintiff's denial of mental-health treatment claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

The Fifth Circuit Court of Appeals has considered a plaintiff's claim that the failure to provide mental-health treatment for individuals who are civilly committed, and who are later

imprisoned for violating their civil commitment restrictions, violates the Eight Amendment. The Court determined that a plaintiff must show that the failure to provide the mental health treatment caused the unnecessary or wanton infliction of pain. *See Bohannan*, 527 Fed. Appx. at 297 (plaintiff, "has neither alluded to nor claimed the unnecessary or wanton infliction of pain or injury required to state a cognizable claim for deliberate indifference.").

In this case, Plaintiff claims the lack of mental health treatment caused his blood pressure to increase, and also caused him depression, insomnia and paranoia. Plaintiff, however, admits that no medical professional has determined that the lack of mental health treatment has caused an increase in his blood pressure. (Magistrate Judge's Questionnaire, Answer No. 5.) Further, although the Court ordered Plaintiff to state the level that his blood pressure has increased due to the lack of mental health treatment, he failed to provide this information. (*Id.* at Question No. 6.) Plaintiff also states that his blood pressure is currently being treated by prison officials. (*Id.*) Plaintiff has not alleged the unnecessary or wanton infliction of pain or injury required to state a claim for deliberate indifference to his serious medical needs.

Further, under 28 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The " 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.' " *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). Claims of insomnia, depression, and mental distress are insufficient to support a claim of compensatory damages without a showing of physical injury. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (insomnia and mental anguish); *Samford v. Staples,*

249 Fed. Appx. 1001 at *1 (5th Cir. 2007) (depression, humiliation, and mental distress).

Plaintiff has failed to show a physical injury caused by his lack of mental health treatment.

Additionally, although Plaintiff seeks punitive damages, he has established no constitutional

violation.  Plaintiff's claims should be dismissed.

## RECOMMENDATION

The Court recommends that Plaintiff's claims be summarily dismissed pursuant to 28

U.S.C. §§ 1915A and 1915(e)(2).

Signed this 29 day of _____, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).